# WILLIE JAMES FLOYD, JR. *v.* STATE OF MARYLAND

[No. 447, September Term, 1970.]

*Decided April 28, 1971.*

The cause was argued before ORTH, THOMPSON, and MOYLAN, JJ.

*Naji P. Maloof* for appellant.

*Robert A. DiCicco,* Assistant Attorney General, with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, State's Attorney for Prince George's County,* and *Eugene Muskus, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Willie James Floyd, Jr., the appellant, was convicted of control of heroin and possession of narcotic implements in a jury trial in the Circuit Court for Prince George's County. Judge Samuel J. DeBlasis imposed a two year sentence on each conviction to run consecutively.

The facts are undisputed. On June 3, 1969, at approximately 12:40 A.M., Officer Ernest Beall of the Prince George's County Police Department saw an automobile of the same make, year, color, and number of occupants as an automobile which had been reportedly involved in an armed robbery in the vicinity. As the officer approached the car, one of the occupants threw a gun from the right window of the car; two occupants fled into the District of Columbia and escaped apprehension. The driver of the car and the appellant were taken from the front seat of the car and placed under arrest. Several implements adapted to use in injecting narcotics were discovered in the front floor of the car, along with three bottle caps, upon which were found by chemical analysis, traces of heroin. The other implements were negative for such traces.

## I Motion for Mistrial

On cross-examination of Detective John J. Rossi, an officer experienced in narcotics matters, the following occurred:

> "Q. So your only function in this case was to collect the paraphernalia that you have right there and put it in the envelopes, seal it and take it to Mr. Feeny?
>
> "A. And advise the defendant of his rights and transport him to the station.
>
> "Q. He didn't make any statements to you inculpating himself, did he?
>
> "A. At that time he appeared to be in need of a fix.

"Q. I didn't ask you that. I said, did he make any statements inculpating himself?

"A. No, sir."

After the conclusion of the testimony in the case and the denial of motions to acquit, the appellant moved for a mistrial based upon the detective's remark about the fix. There was no objection to the evidence; there was no request that the remark be stricken; nor was there a request that the jury be instructed to disregard the remark. Appellant concedes, citing *Hurley v. State*, 6 Md. App. 348, 251 A. 2d 241 the ruling of the trial judge on a motion for a mistrial usually is upheld on appeal because of the trial judge's superior position to determine the question of prejudice; yet appellant argues the failure to instruct the jury to disregard the remark makes the ruling improper. He argues further that under Md. Rule 756 g, this Court should notice such a plain error in instructions. We see no prejudice. Although the answer, on proper motion, could have been stricken as not responsive to the question, the opinion of the experienced officer was probably admissible evidence even over objection. 7 Wigmore, *Evidence,* (3d Edition) § 1974, *Fletcher v. Dixon,* 113 Md. 101, 77 A. 326. In any event, the officer could, if properly questioned, have described the particular aspects of appellant's appearance on which his opinion was founded. This description would probably have been more damaging to the appellant than the bare remark. *Tully v. Dasher,* 250 Md. 424, 244 A. 2d 207, 2 Wigmore, *Evidence* (3d Edition) § 235, 2 Jones, *Evidence* (5th Edition) § 404.

## II Alleged Repeal of the Offense of Control of Heroin

Appellant contends that at the time of his sentencing the penalty for control of heroin had been abolished by the legislature, and, therefore, there was no crime because of the abolition of the penalty. If the penalty had been abolished, it is true there would be no crime as in-

dicated in the collection of authority on this point in *Nutt v. State,* 9 Md. App. 501, 267 A. 2d 280, note 2. The argument must fail, however, because the penalty for control of heroin was not abolished; it was simply included under the name of possession which is defined in the new law as "the exercise of actual or constructive dominion or control", Md. Code, Art. 27, § 277 (s). We so held with reference to marihuana in *Nutt v. State, supra.*

*Judgments affirmed.*