PINK BUGG, ET UX. *v.* STATE ROADS COMMIS-
SION OF MARYLAND

[No. 289, September Term, 1967.]

*Decided July 2, 1968.*
*Motion for rehearing filed August 1, 1968; denied Septem-*
*ber 9, 1968.*

The cause was submitted on brief to HAMMOND, C. J., and
MARBURY, BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

Submitted by *Pink Bugg,* in proper person, for appellants.

Submitted by *Francis B. Burch, Attorney General, Joseph*

D. Buscher, *Special Assistant Attorney General,* and *Walter W. Claggett, Special Attorney,* for appellee.

SINGLEY, J., delivered the opinion of the Court.

This case marks the end of a long trail which Mr. and Mrs. Bugg have travelled for some eight years. Because Mr. Bugg appeared in proper person in the court below and, on appeal, submitted on the brief which he filed in proper person, it seems appropriate to state in detail as many of the facts as can be gleaned from a rather meager record.

Some time prior to June 1960, the Buggs purchased at a tax sale in Cecil County certain property located in the county which was assessed to the estate of William Cooper. While there is a suggestion that the property which was sold approximated two acres, when the Buggs instituted an equity proceeding in Cecil County to foreclose any right of redemption to the land which they had purchased, it seems that Mr. Bugg took a surveyor to the property which he thought he had purchased and indicated what he believed to be the boundaries. The surveyor prepared a description and the Buggs ultimately received a deed signed by the county treasurer which conveyed to them the tract covered by the description, containing 14.16 acres. Since the record in that case is not before us, there is no way to shed light on this anomaly.

In about 1962, the State Roads Commission (the Commission) having determined that 12.5 acres of the tract were required for the construction of the Northeastern Expressway, instituted proceedings for the acquisition of the required acreage in the Circuit Court for Cecil County and deposited the sum of $3,125, which the Commission believed to be the fair value of the property. Presumably as a result of the Commission's title examination, Charles McKeever, Marie K. McKeever, Dorothy M. Shivery and R. E. Shivery were named as defendants, together with Mr. and Mrs. Bugg. Later, it was determined that Marie K. McKeever had died, leaving as her heirs at law her children, Charles McKeever and Dorothy M. Shivery, the latter being the wife of R. E. Shivery.

Subsequent to the filing of the Commission's suit, Mr. McKeever and Mrs. Shivery brought action in ejectment against

Mr. and Mrs. Bugg in Cecil County. The case was removed to and tried by the Circuit Court for Kent County and resulted in a verdict against the Buggs. In that case, in which Mr. and Mrs. Bugg were represented by counsel, Mr. McKeever and his sister were able to satisfy the court that the 14.16 acre tract had been owned by one Philip Smeltzer; that they had acquired the property from the heirs of Philip Smeltzer; and that Mrs. Shivery had paid the taxes on the property from 1957 to 1961. The court properly concluded that a tax sale of property on which taxes have been paid is invalid, *Jannenga v. Johnson*, 243 Md. 1, 8, 220 A. 2d 89 (1966); *Mullen v. Brydon*, 117 Md. 554, 83 A. 1025 (1912), and may be the subject of collateral attack if the court lacks jurisdiction over the subject matter, *Thomas v. Hardisty*, 217 Md. 523, 535-37, 143 A. 2d 618 (1958). *See, Travelers v. Nationwide*, 244 Md. 401, 410, 224 A. 2d 285 (1966).

As a consequence of Mr. McKeever's and Mrs. Shivery's victory in the ejectment suit, the Commission amended its petition in the condemnation suit, eliminating all defendants other than Mr. McKeever and Mrs. Shivery, with the result that they received the $3,125 deposited with the court clerk in connection with the taking.

There is an intimation, which the record before us neither confirms nor explains, that Mr. Bugg may have paid taxes on the 14.16 acre tract from the time of the tax sale until the Commission's taking, and he testified below that he has been paying taxes on the 1.66 acre parcel which remained after 12.5 acres had been taken. Resolute in the pursuit of their claim, the Buggs, on 26 May 1967, brought a suit in Cecil County against the Commission in which they sought to eject the Commission from the 14.16 acres or alternatively, to require the Commission to answer in damages. The Commission moved to dismiss, on the ground that the verdict in the Cecil County ejectment suit was determinative of the Buggs' rights. The Buggs countered with the contention that the Cecil County case only validated the McKeever-Shivery title as to the 12.5 acres taken in condemnation, leaving a 1.66 acre parcel still titled in the Buggs. It was from the order dismissing the Buggs' suit that this appeal was taken.

The transcript of the proceedings before Judge Mackey in the court below makes it abundantly evident that the court gave Mr. Bugg great latitude to enable him to develop all of his contentions and support them with whatever evidence he had.

The conclusion reached by the lower court was inescapable, however. The metes and bounds description of the tract in the county treasurer's deed to the Buggs is identical with the metes and bounds description of the tract which was the subject of the Kent County ejectment suit, where title was found to be vested in Mr. McKeever and his sister. While it is difficult to see how or why Mr. and Mrs. Bugg could continue to press their claim to the 1.66 acre parcel *not* taken by the Commission, it is obvious that the Commission, which neither claims the parcel nor wants it, cannot be held answerable with respect to it.

> *Order affirmed; costs to be paid by appellants.*