STATE, USE OF CHARUHAS ET AL., ETC.

*v.*

HEFFELFINGER, JR.

[No. 25, September Term, 1961.]

*Decided October 13, 1961.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Horney and Sybert, JJ.

*I. William Stempil,* with whom was *Murray H. Fout,* on the brief, for the appellants.

*Edward L. Foster* for the appellee.

PER CURIAM.

At 5:30 P.M. on August 15, 1959, described as a clear, dry day, Mary Ann Charuhas was struck by an automobile driven by the appellee-defendant, Phillip J. Heffelfinger, Jr., as she was crossing University Boulevard, between street crossings, in Montgomery County, and she died the next day as the result of injuries sustained. At the trial of a suit in which the plaintiffs were the State of Maryland to the use of Manuel J. Charuhas, husband of the deceased, and the husband in his capacity as executor of the estate of the deceased, and the defendants were the appellee and John L. Parker, owner of the automobile, a motion for a directed verdict by the defendant Parker was granted at the close of the plaintiff's case, but the same motion was then denied as to the appellee, and again denied at the conclusion of the case for the defense. Instructions were given by the trial court, to which no objections were made by appellant. After closing arguments the jury returned a verdict for the defendant-appellee.

The questions raised by the appellants here are: (1) Were the jury's findings contrary to the evidence and law in the case? (2) Was appellants' cause prejudiced by the manner in which the trial court propounded certain questions to one of the appellants' witnesses? (3) Was it error for the trial court to allow into evidence a sketch depicting the scene of the accident, which had been drawn by the appellee, as evidence of how the accident occurred? (4) Were the charge and instructions to the jury improper, unfair and misleading as to the law in the case, causing prejudice to the appellants?

(1)

It would serve no useful purpose for us to review the evidence as to this unfortunate accident, since it is clear from the record that the question of the sufficiency of the evidence is not properly before us. The sufficiency of the evidence to authorize a recovery will not be reviewed on appeal unless the question has properly been presented to the lower court.

Maryland Rules 522, 885; *Webb v. Oxley,* 226 Md. 339, 347, 173 A. 2d 358 (1961). No motion was made by the appellants for a directed verdict, a step which would have preserved the question for review. Rule 563; *Webb v. Oxley, supra.*

## (2)

Appellants claim that the trial judge caused great prejudice to their case by subjecting one of their witnesses to a cross-examination type of questioning which tended "to disparage, belittle and cast doubt as to the truth and veracity of the testimony of that witness." A reading of the record also "casts doubt" as to the merits of this contention. However, even if the questions propounded by the trial judge were prejudicial (which is not apparent), the failure of appellants to object to the questions or move for a mistrial constituted a waiver, and this matter cannot be reviewed on appeal. *Webb v. Oxley, supra; Kujawa v. Baltimore Transit Co.,* 224 Md. 195, 167 A. 2d 96 (1961); Rule 885.

## (3)

Appellants objected to the introduction of a sketch consisting of a drawing made by the appellee of the scene of the accident three days after the event. The ground was that photographs of the scene, taken by a police officer, had already been admitted into evidence by stipulation of the parties, and the admission of the sketch by appellee could only be self-serving.

The general rule in regard to the introduction of auxiliary evidence in the nature of drawings, plats, maps, etc. is that it is admissible in the trial judge's discretion. *Tan v. Bosley,* 216 Md. 93, 139 A. 2d 727 (1958); McCormick, *Evidence,* Ch. 21, § 180. We fail to find any abuse of discretion in this ruling or any prejudice to the appellants' case. The appellee testified before the sketch was admitted that his measurements from which the drawing was made differed little from those of the police officer, who had previously testified from the photographs already in evidence. Thus the drawing was not introduced to prove any controverted facts in regard to the accident, and even if its admission were error (which we do

not find), it was harmless. Cf. *Fletcher v. Dixon*, 113 Md. 101, 77 Atl. 326 (1910) ; *Harford County v. Wise*, 71 Md. 43, 18 Atl. 31 (1889).

A comment made by the trial judge in overruling appellants' objection to the admission of the sketch—"This tells how the accident happened. The objection is overruled"—would in no wise imply that the trial judge was limiting the jury to a consideration of only the controverted sketch in determining how the accident occurred. In any event, this remark itself was not objected to and such failure constituted a waiver and the question cannot be reviewed on appeal. Rule 885; *Kujawa v. Baltimore Transit Co., supra,* at page 208.

### (4)

Appellants' final contention that the charge and instructions to the jury were improper, unfair, and misleading as to the law in the case, likewise suffers from the fatal error of failure to preserve the question for appellate review. It is well established in this State that objections to instructions to the jury cannot be raised for the first time on appeal. *Ridgley, Exec. v. Beatty,* 222 Md. 76, 159 A. 2d 651 (1960) ; Rule 554 e. Appellants indicated at oral argument, but did not vigorously contend, that an objection was in fact made at the end of the instructions. Without going into unnecessary detail, suffice it to say that it is unmistakably clear to us from the record that no meaningful objection was in fact made.

Having found no error below, we will affirm.

*Judgment affirmed, appellants to pay the costs.*