COHEN ET VIR. *v.* ENGEL

[No. 302, September Term, 1961.]

88

*Decided June 12, 1962.*

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Amos I. Meyers,* for appellants.

Submitted on the brief by *Clater W. Smith, John H. Bolgiano,* and *Smith, Sommerville & Case,* for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The plaintiff wife (hereinafter referred to as the plaintiff) was a passenger in the front seat of a station wagon which was being driven into a restaurant parking lot. The defendant backed her car out of an angle parking place and in so doing bumped into the rear door of the station wagon. The plaintiff brought suit for damages for injuries which she claimed to have sustained in the collision, and her husband sued for medical expenses and loss of services. The case was submitted to the jury on questions of the defendant's negligence and of damages. The verdict was for the defendant, judgment was entered thereon and the plaintiff and her husband appeal.

The plaintiff made no motion for a directed verdict and took no exception to that part of the instructions which submitted the issue of the defendant's negligence to the jury. She now contends in substance that she was entitled to a directed verdict on this issue and, therefore, that the trial court abused its discretion in denying her motion for a new trial. We find no merit in this contention. The plaintiff, by failing to request a directed verdict or to except to the submission to the jury of the issue of the defendant's negligence, waived review of the question in this Court. Maryland Rule 554 d and e; *Montauk Corp. v. Seeds,* 215 Md. 491, 138 A. 2d 907; *Farrell Lines, Inc. v. Devlin,* 211 Md. 404, 127 A. 2d 640; *Rush v. Lloyd,* 221 Md. 7, 155 A. 2d 666; *State, Use of Miedzinsky v. Gray,* 227 Md. 318, 176 A. 2d 867. The effort to raise the question indirectly by claiming an abuse of discretion in refusing a new trial deserves no better standing. Cf. *Merritt v. Darden,* 227 Md. 589, 596, 176 A. 2d 205, as to the effect of the failure of a party to seek a specific ruling on his freedom from negligence. In that case, too, a motion for a new trial was denied, but no contention was made that its denial constituted an abuse of discretion. Here we see

no abuse of discretion. The short, but sufficient, answer to the plaintiff's contention is that we think there was a sufficient conflict in the evidence to warrant the submission of the question to the jury. Hence, there could be no abuse of discretion in refusing to grant a new trial for having so submitted the issue.

The court's instructions with regard to damages were sufficient upon the evidence in this case. The appellants complain particularly of the refusal of an instruction that the effects of a personal physical injury depend much upon the peculiar conditions and tendencies of the person injured. (See *Baltimore City Pass. Ry. Co. v. Kemp,* 61 Md. 74, at 81), but here there was no evidence of any peculiar condition or tendency of the plaintiff. An instruction not resting upon any evidence would have been an abstraction, and its refusal was proper. *Schaefer v. Publix Parking-Systems,* 226 Md. 150, 153, 172 A. 2d 508.

The plaintiff's final contention is that the defendant's counsel unfairly and improperly attacked the credibility of one of her witnesses during cross-examination. The witness was the owner and driver of the car in which the plaintiff was a passenger. This particular cross-examination pertained to whether the bumper or the tail light in a large, projecting rear fin of the defendant's car came in contact with the witness' vehicle. The witness testified in the trial here involved that it was the bumper; she had testified in a trial of the same case the day before (which trial resulted in a mistrial) that she thought it was the tail light;[1] but that she was not sure what it was. When her testimony at the first trial was read back to her by the court stenographer the concluding part of her statement —that she really didn't know—was omitted. The difference does not impress us as of any great importance, since the portion read did not imply sureness, and the omitted portion merely emphasized lack of sureness. Just how the omission occurred is not clear. In any event we have no reason to

---

1. The only damage to the defendant's car was one broken tail light in the fin; cost, $1.19. Damage to the other vehicle, the station wagon, seems to have been a dent in a rear door. The cost of repair does not appear.

suppose that it was due to any deliberate act of suppression on the part of the defendant's counsel. The notes were read by the court stenographer who reported both trials. He located the passage in question at the request of the defendant's counsel and read it himself. The passage as read corrected an error made in a question put by defense counsel to the witness. Counsel had assumed that the question which elicited the answer at the first trial had been asked by the court; but the reading of the passage supported the stated recollection of the plaintiff's counsel that it had not been asked by the court and showed, on the contrary, that it had been asked by the plaintiff's counsel.

Whether it was the tail light or the bumper which made contact with the vehicle in which the plaintiff was riding was not material, insofar as liability is concerned. Indeed, the appellants' brief (pp. 19-20) states that "it was irrelevant as to whether the tail light or the bumper damaged the door."

The appellants then argue in their brief:

> "A witness cannot be cross-examined as to an irrelevant fact for the purpose of impeaching him by other evidence, and if this witness should answer an irrelevant question without objection, evidence cannot be afterwards admitted to contradict his testimony on the collateral matter. See *Baltimore Transit Co. v. Castranda,* 194 Md. 421 at Page 440."

No objection was, however, made by the plaintiff to the evidence now challenged, nor is there any showing that any objection was made at the trial to any argument based upon the evidence which is now said to have been improperly admitted. There is, therefore, nothing for us to review on this score. Maryland Rule 885.

*Judgment affirmed, with costs.*