## WHITING *v.* CLARKE

[No. 349, September Term, 1961.]

---

*Decided July 6, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and MARBURY, JJ.

*Amos I. Meyers* for the appellant.

*F. Gray Goudy,* with whom was *Herbert Burgunder, Jr.,* on the brief, for the appellee.

PER CURIAM.

The plaintiff-appellant in this case was a passenger in a taxicab which was struck in the rear (apparently with little force or property damage) by an automobile owned and operated by the defendant-appellee. She brought suit for damages for injuries which she claimed to have sustained in the collision against both the cab company and the appellee. The trial court directed a verdict in favor of the cab company and there is no appeal from that action. The jury returned a verdict in favor of the defendant-appellee and the plaintiff-appellant appealed from the judgment entered thereon.

The appellant contends that the trial court should have granted her request for a directed verdict against the appellee

on the issue of liability and should also have granted certain instructions which she requested with regard to damages, and contends that the trial court abused its discretion in refusing to grant her motion for a new trial.

There was a sharp conflict of testimony between the appellant and the cab driver on the one side and the appellee on the other as to just where and how the accident happened. The trial court granted the instruction requested by the appellant that she was free of any contributory negligence, and submitted to the jury the question of the appellee's negligence and the question of damages.

Since there was a conflict in the evidence with regard to the facts involved in the question of negligence, there was no error in submitting that question to the jury, and there was no abuse of discretion in denying the plaintiff-appellant's motion for a new trial. *Cohen v. Engel,* 229 Md. 87, 181 A. 2d 657.

We think that the instructions with regard to damages covered that aspect of the case adequately. They included the more or less standard instruction in use for many years (see *Rhone v. Fisher,* 224 Md. 223, at 225, 167 A. 2d 773, and cases there cited), and also more specific instructions dealing with medical expenses, as well as compensation for injuries sustained and losses and expenses incurred as a result of such injuries, and an instruction that if the jury should find for the plaintiff, it should allow damages, affirmatively proved with reasonable certainty to have resulted as the natural and proximate and direct effect of the injury received, for all injuries to the plaintiff resulting from the collision. The jury was further instructed that if it should find the defendant negligent, the plaintiff was entitled to recover in full for her damages so sustained even though the jury might consider the defendant's act of negligence slight and not gross or severe. The trial court refused a further instruction relating to damages stressing peculiar conditions and tendencies of the person injured with regard to the seriousness of the effect of the injury sustained. No such peculiar conditions or tendencies were shown

by the evidence and the instruction was properly refused. *Cohen v. Engel, supra.*

*Judgment affirmed, with costs.*