PERPER, ET AL. *v.* FAYED, t/a FAYCO
ELECTRIC SERVICE

[Nos. 548 & 549, September Term, 1966.]

*Decided October 13, 1967.*

640

The cause was argued before HAMMOND, C. J., and HOR-
NEY, OPPENHEIMER, McWILLIAMS and FINAN, JJ., and CLAPP,
J., Associate Judge of the Sixth Judicial Circuit, specially as-
signed.

*Nelson Deckelbaum* for appellants.

Submitted on brief by *James K. Foley* for appellee.

CLAPP, J., delivered the opinion of the Court.

These are consolidated appeals arising out of two equity ac-
tions in the Circuit Court for Prince George's County. The
first is a bill to foreclose two mechanics' liens by the appellee,
James J. Fayed, t/a Fayco Electric Service (hereinafter called
"Fayed"). It alleges that Fayed had rendered electrical services
at the request of the general contractor and builder for the ap-
pellants in connection with certain property leased by them. It
is agreed that the amount due for such services is the sum of
$10,135.85. Appellants answered this bill alleging as one of
their defenses (and the only defense argued in this Court) that
Fayed had executed a written waiver of liens as to the prop-
erty against which they had been filed.

Thereafter, appellants filed the second bill of complaint against
Fayed for the release of these liens and posted bond for their
payment.

On September 26, 1966, these matters came on for a hear-
ing that consisted solely of colloquy between the judge and
counsel for the parties relating to the interpretation of the al-
leged waiver, filed as an exhibit to the answer of the appel-
lants. Following this hearing, the judge entered judgments
against the appellants in the first equity action and shortly there-
after, upon motion of Fayed, judgment was entered against the
bonds posted in the second equity action.

The pertinent parts of the document interpreted by the trial
judge are as follows:

"In consideration of the sum of $1.00 to me in hand paid, receipt whereof is hereby acknowledged, and other benefits accruing to me, and in order to procure the making of one or more loans on said real estate, as improved, I do hereby waive, release and quit-claim in favor of each and every party making a loan on said real estate, as improved, and his or its successors and assigns, all right that I may now or hereafter have to a lien upon the land and improvements * * *.

"* * * It is understood and agreed that the signature hereto is for all services rendered, work done and material furnished heretofore and hereafter by the signer in any and all capacities."

The judge ruled that this document is, in effect, a subordination of the mechanics' liens of Fayed to any party making a loan on the real estate, but that such subordination does not impair the right of Fayed to pursue its mechanics' liens subject to any such loans. He held that Fayed had waived only its priority and not its right to file and enforce its liens, and the judgments appealed from were accordingly entered.

The only question presented on this appeal is whether the judge erred in his interpretation.

In the construction of any contract we must, of course, seek to ascertain the intention of the parties and, in seeking this intention, we must give effect, if reasonably possible, to each word used by the parties. In *Sagner v. Glenangus Farms*, 234 Md. 156, 198 A. 2d 277 (1964), Judge (now Chief Judge) Hammond for this Court said at page 167 :

"A recognized rule of construction in ascertaining the true meaning of a contract is that the contract must be construed in its entirety and, if reasonably possible, effect must be given to each clause so that a court will not find an interpretation which casts out or disregards a meaningful part of the language of the writing unless no other course can be sensibly and reasonably followed."

The appellant would have us construe the waiver here involved as though it read, "I do hereby waive, release and quit-claim * * * all right that I may now or hereafter have to a lien upon the land and improvements * * *." To accept this argument would require us to ignore the fact that this waiver, release and quit-claim is specifically stated to be "in favor of each and every party making a loan on said real estate." This we cannot do without doing violence to the established rule of construction set forth in *Sagner* and the other cases cited therein.

Appellant further argues that this document was executed by Fayed to enable the appellants to obtain a construction loan and that, under such circumstances, a mechanics' lienor must look to the proceeds of this loan for payment and may not thereafter proceed against the property involved in order to enforce its lien, contending that the mechanic, if not paid from the proceeds, has a right of action against the lender for damages. A suit against a lender by a mechanic under similar circumstances was unsuccessful and a right of action against the lender was denied in *Eisinger Mill and Lumber Company v. Dillon,* 159 Md. 185, 150 Atl. 267 (1930).

The cases of *Landrum v. Marion Builders,* 53 So. 2d 769 (Fla. 1951), and *Kocher v. Ricketts,* 49 N. E. 2d 85 (Ohio 1942), cited by the appellants, are not in point. *Landrum* merely held that an instrument similar in language to the present document was executed to obtain a loan upon real estate and if such loan were not obtained there would obviously be no waiver or cancellations of mechanic's liens. The Florida court did not decide or deal with the question here presented.

In *Kocher,* the language of the instrument there involved stated specifically that the mechanics' lienors, "severally waive the priority of any mechanics' lien *or right of such lien which we may now have, or hereafter acquire, against* the real estate * * *." (Emphasis supplied.) The Ohio court held that this language waived both the priority and the right to mechanics' liens. Such language is not present in the instrument here in question.

Construing the document as a whole we find that it constitutes a waiver of priorities only, in favor of lenders upon the

real estate involved in these proceedings and is not a waiver of the right to file and enforce a mechanics' lien.

Appellants make a further contention that the trial judge erred in not taking testimony as an aid to the interpretation of the alleged waiver, but an examination of the record discloses that no proffer was made to him. During the course of argument below, appellants' counsel stated that he could present evidence as to the execution of the waiver by Fayed, but when execution was admitted, there was no further discussion concerning the taking of testimony. The point here raised was not made below and is not properly before us on this appeal. Maryland Rule 885. Even if such testimony had been proffered, it would have been of no assistance. The intention of the parties can be gathered within the four corners of the instrument and extrinsic evidence would have been inadmissible to alter, contradict or vary its terms. See *Schuman v. Gordon Investment Corp.*, 247 Md. 265, 271, 232 A. 2d 256, 259 (1967).

*Judgments affirmed; costs to be paid by appellants.*