## BUGG v. TRUSTEES OF COKESBURY BAPTIST CHURCH

[No. 4, September Term, 1968.]

*Decided January 13, 1969.*

The cause was submitted to HAMMOND, C. J., and MARBURY, BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

Submitted on brief by Pink Bugg in proper person.

No brief filed on behalf of appellee.

McWILLIAMS, J., delivered the opinion of the Court.

Appellant (Pink Bugg) can hardly be called an habitué of this Court but it seems safe to say he has achieved the status of

60

frequent visitor. *Bugg v. Brown,* 251 Md. 99, 246 A. 2d 235 (1968) ; *Bugg v. State Roads Comm'n,* 250 Md. 459, 243 A. 2d 511 (1968). This visitation arises out of a squabble between Bugg and the appellees (Trustees) over the boundary line between their respective properties. The Trustees say Bugg "sort of eased his way over" on to the church property and that all they "want to do is [to] establish the line and * * * put Mr. Bugg [a former trustee] back where he belongs." Bugg claims both record title and title by adverse possession. The first trial, in the Circuit Court for Cecil County, ended in a mistrial. This appeal is from the verdict of the jury in the second trial, in the Circuit Court for Kent County, to which the case was removed for trial. Bugg was represented by counsel in the court below. He appears here in proper person. There was no appearance in this Court for the Trustees. Bugg submitted without argument.

Bugg contends the trial judge, Rasin, J., erred in denying his motion for a new trial on the ground that the verdict was contrary to the evidence. We have said many times that a motion for a new trial is within the sound discretion of the trial judge and his ruling is ordinarily not reviewable on appeal. *Kline v. Mayor & Council of Rockville,* 245 Md. 625, 630, 227 A. 2d 217 (1967) ; *Brinand (Brenan) v. Denzik,* 226 Md. 287, 292, 173 A. 2d 203 (1961). The question whether the evidence is sufficient will not be reviewed unless it has been properly presented to the court below. *Webb v. Oxley,* 226 Md. 339, 346-47, 173 A. 2d 358 (1961). No motion was made by Bugg for a directed verdict nor was there any exception to the court's instructions to the jury. The question whether there is evidence sufficient to support the finding of the jury is therefore not properly before us. *Cohen v. Engel,* 229 Md. 87, 89, 181 A. 2d 657 (1962) ; *State ex rel. Charuhas v. Heffelfinger,* 226 Md. 493, 495, 174 A. 2d 336 (1961) ; *Martel v. State,* 221 Md. 294, 299, 157 A. 2d 437 (1960).

Bugg contends that Judge Rasin should have disqualified himself because he had found Bugg in contempt at an earlier trial. He also assigns error because the court limited his testimony in chief and on cross-examination. No objections on either of these points, however, were raised below, and they cannot now be

heard on appeal. Maryland Rule 885; *Perper v. Fayed*, 247 Md. 639, 643, 234 A. 2d 144 (1967); *Cohen v. Engel, supra; State ex rel. Charuhas v. Heffelfinger, supra* at 496.

Since Bugg failed to move for a directed verdict or to raise at trial any of the objections now being raised, there is nothing for us to review. Rule 885; *Cohen v. Engel, supra* at 91.

*Judgment affirmed.*
*Costs to be paid by appellant.*