BUGG *v.* CARPENTER ET AL.

[No. 286, September Term, 1970.]

*Decided March 3, 1971.*

The cause was submitted on brief to HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

Submitted by Pink Bugg in proper person.

No brief filed on behalf of appellees.

HAMMOND, C. J., delivered the opinion of the Court.

Pink Bugg is an elderly litigious man of varied interests, one of which is the driving of a taxi in Cecil County. In *Bugg v. Trs, Cokesbury Baptist Ch.*, 252 Md. 59-60, we said, referring to two prior cases: "Appellant (Pink Bugg) can hardly be called an habitué of this Court but it seems safe to say he has achieved the status of a frequent visitor." One of the prior cases was *Bugg v. Brown*, 251 Md. 99, in which Bugg sued fellow taxi drivers Brown, Cash and Carpenter for assaulting and severely beating him one night in October 1964. No evidence was produced against Brown, and Judge Mackey directed a verdict for Cash and Carpenter on the ground that Bugg

had shown no damages. We reversed, holding that Bugg had made out a prima facie case against both Cash and Carpenter.

When the case was retried, Bugg tried his own case with considerable help from Judge Roney, indeed, as much help as judicial propriety permitted. Bugg's version of the incident was that Cash became annoyed when Bugg announced he would not work the next day and was looking for a replacement and that Cash grabbed him by the neck, lifted him off the ground and kicked him on the leg. Bugg called the State police. This so irritated Carpenter that, according to Bugg, he told Bugg he would do his "damnedest" to kill him. In performing this promise, Carpenter, says Bugg, hit him on the face and then knocked him down three times.

The version of Cash and Carpenter as to what first occurred was well set forth in the opening paragraph of the opinion in the first appeal:

> "The altercation which provoked this litigation took place shortly after midnight on 19 October 1964 at the Whistle Stop in Perryville, Cecil County. The appellant (Bugg) and the appellees Cash and Carpenter, sitting in their taxicabs, were awaiting the arrival, on the late buses, of sailors returning to the Naval Training Station at Bainbridge, 3 miles distant. Cash was first in line; Carpenter was next; Bugg was further back. When the first bus arrived Bugg, contrary to the prevailing custom, 'shot up, cut everybody off, loaded up a full load and went on to Bainbridge.' Upon his return, ahead of the others, he became 'first in line for the next bus.' It is no surprise that Cash and Carpenter took a rather dim view of Bugg's conduct."

When Cash remonstrated, Bugg gave him "a good cussing out" and reached down as if to grab a rock. Cash took hold of Bugg's shirt and held him for a minute and told him that he, Bugg, better not attack him. When Carpen-

ter soon thereafter came back on the scene, he also fussed with Bugg for "scooping" the taxi line. Bugg swore at him and started towards him with "his hands in his pocket." Carpenter feared he had a knife and, sidestepping, slapped Bugg, knocking off his glasses and hit him and knocked him down once.

Bugg's case against Cash and against Carpenter was submitted on two identical issues, one as to liability and one as to damages. In response to the question: "Did the defendant * * * commit an unjustifiable assault and battery upon the plaintiff, Pink Bugg?" the jury twice answered "no."

In his brief, which he himself wrote, Bugg, who did not appear for the scheduled oral argument (the appellees filed no brief and made no appearance) argues that he was prejudiced because (a) the trial court would not permit him "to freely cross-examine witnesses"; (b) "the [c]ourt instructed the [j]ury with reference to matters which were not relevant to the pending proceeding"; and (c) the court would not permit him to testify as to his injuries and his medical treatment and expenses.

There is no factual basis for the first complaint. All of Bugg's witnesses testified as fully as he wanted, with assistance from Judge Roney, and Bugg cross-examined the appellees, the only witnesses for the defense. All the facts alleged in each version of the fracas were before the jury.

No objection to Judge Roney's charge was made. We have reviewed it nevertheless and find it fully and fairly presented the applicable law to the jury. When the jury found that Cash and Carpenter were not liable at all, any possible errors in rulings on testimony as to damages became immaterial.

*Judgments affirmed, with costs.*