619 A.2d 201

**Bernard A. TRETICK**

v.

**Kevin LAYMAN.**

**No. 699, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

Jan. 29, 1993.

Bernard A. Tretick, Spotsylvania, pro se.

Thomas Patrick Ryan (McCarthy, Wilson & Ethridge, on the brief), Rockville, for appellee.

Argued before BISHOP, ALPERT and CATHELL, JJ.

CATHELL, Judge.

Appellant, Bernard A. Tretick (Tretick), appeals the trial court's granting of a defendant's motion for judgment at the close of Tretick's case. Tretick appeared *pro se* below and represents himself before us.

Tretick presents the following questions:

(1) Did the trial court err in not awarding damages in the full amount of the suit due to gross violations of the direction of the Trial Date Notice on the part of Defendant?

(2) Did the trial court and the Attorney for Defendant violate the common law rights of a Plaintiff Pro Se?

(3) Did the trial court err in not issuing a bench warrant for Montgomery County Police Officer M. Jackson for failing to show when called as a witness, in answer to a properly issued subpoena and a proper return from the Montgomery County Sheriff's Department, duly logged by the Clerk of the Court as Docket numbers 40 and 43[?]

(4) Did the trial court err in not taking Judicial Notice of medical reports and invoices that were authenticated by the doctors that wrote the reports and issued the invoices for medical services rendered as a direct result of the subject accident?

(5) Did the trial court err in allowing Attorney for Defendant to violate a long list of the Maryland Rules in his methods used pre-trial and during the trial?

(6) Did the trial court err in not allowing the case to go to the jury?

Appellee, Kevin Layman (Layman), has filed a motion to dismiss. Although the motion is appropriate and we could grant it, we decline to do so, preferring to address the arguments made in his brief. We shall also take this opportunity to address the nature of the system in which civil and criminal grievances are resolved. We note, however, that many, if not all, of the arguments raised in appellant's brief have not been presented and/or preserved for appellate review either by reason of not being raised below or not properly supported in the extract presented here. We shall not address the facts except as necessary to our resolution of the issues.

We shall first address what may be appellant's primary complaint. He contends that because he is a *pro se* litigant, the trial judge and/or appellee's counsel somehow took improper advantage of him. In what he titled a "Foreword" to his brief, he complained:

*Foreword*

When, in the course of practicing law, and administering law, the tactics used subvert the very thing we are here to uphold, then it becomes time for the people to rebel and once again take charge of their own destiny, less [sic] they succumb to the tyranny that once before placed their lives into a miserable state.

When, by their subtle and direct comments, three Judges of our courts makes [sic] it clear to a Plaintiff Pro Se, appearing in court in proper person under the protection of the common law of the United States of America, that, because that Plaintiff is not a practicing attorney, all shall be done to prevent his success in that court. Then, and because of that attitude, the rights of Americans have once again been compromised[.]

And, when, in spite of the Maryland Rules, which are law, a practicing attorney resorts to intimidating tactics, and more than bruises those rules in the face of one who is not familiar with those rules, and, the judge of the court upholds such tactics, then that attorney should be forced to step down from his practice, in the interest of fairness, in the interest of justice, and in the interest of the common law of America.

We discern from appellant's brief that he objects first to the form of an adversarial proceeding; second to the comments of the trial judge when appellant was informed that the rules would be applicable to him; and third to the pretrial and trial tactics of appellee's counsel. We shall later discuss the propriety of the trial court's advice to a *pro se* litigant and the applicability of the rules to all parties before the court. Before doing so, however, we observe that we find in the extract no indication that appellant has preserved the matters he raises for our review. The extract does not contain the necessary portions of the transcript showing where objections or requests for rulings were made, the rulings or findings of the trial judge on those matters if objections were made and/or any reasons

given by the court, or its treatment of any such issues which may have been brought to its attention.[1]

The appellant in *Webb v. Oxley*, 226 Md. 339, 342, 173 A.2d 358 (1961), *cert. denied*, 369 U.S. 803, 82 S.Ct. 642, 7 L.Ed.2d 550 (1962), like appellant here, represented himself at trial and on appeal. The issues raised there included:

> (2) that the trial court erroneously sustained objections to appellants' attempt to prove negligence ... by asking appellee if he had ever read certain legal textbooks; (3) that the trial court erred by demonstrating prejudicial bias (a) in refusing to allow testimony by Mr. Webb concerning "the various sources that refused assistance in the location of lawyers qualified to serve as counsel or expert witness or other aid in this case"; (b) in asking Mr. Webb, in the manner of "stern cross-examination", certain questions ... and in ignoring the contention of the Webbs ...; (c) in excluding a certain exhibit which appellant sought to introduce....

*Id.* at 343, 173 A.2d 358.

The Court noted that the third argument described was indefinite and failed to refer to the appropriate portions of the record "as indicating bias or error on the part of the trial court." *Id.* Therefore, what specific rulings were "being challenged must largely be a matter of speculation." *Id.* at 345, 173 A.2d 358. The Court noted further:

> Under the circumstances, a great deal of guidance on the part of the trial judge was necessitated by the lack of skill of appellants in presenting their own case, in order that the issues could be fairly delineated and considerable immaterial and irrelevant material excluded.... If any of the judge's remarks and questions were prejudicial (which is not apparent), the failure of appellants to object

---

1. To the extent the extract mentions the matter, it does so by appellant's narration of what appellant says occurred. It is, in essence, appellant's argument as to what the record shows, not the portions of the record supporting the argument. Thus, the extract does not contain those portions of the record itself necessary for our determination.

to the questions or move for a mistrial constituted a waiver, and this matter cannot be reviewed on appeal. *Id.* at 346, 173 A.2d 358. The court also declined to rule on the sufficiency of the evidence because that also had not been preserved due to the appellant's failure to make a motion for a directed verdict.

In *McMillian v. State*, 65 Md.App. 21, 499 A.2d 192 (1985), the appellant questioned twelve instances of trial court conduct that he alleged had improperly influenced the jury. We noted that the appellant had not objected at trial to ten of the incidents and stated: "Appellant's failure to object at trial constitutes a 'waiver estopping him from obtaining a review of the point or question on appeal.'" *Id.* at 26, 499 A.2d 192 (citations omitted). *See also Brill v. State*, 144 Md. 68, 74, 124 A. 414 (1923) ("There was no exception taken to the remarks of the trial judge ... it cannot be considered by us on this appeal.")

In *Bugg v. Trustees of Cokesbury Baptist Church*, 252 Md. 59, 60, 248 A.2d 879 (1969), Bugg, representing himself on appeal, alleged that the trial judge should have disqualified himself because he had found Bugg to be in contempt of court in another trial. He also claimed error because the trial court had limited some testimony. *Id.* The Court held that the issues had not been preserved because no objections had been made below, opining: "Since Bugg failed to move for a directed verdict or to raise at trial any of the objections now being raised, there is nothing for us to review." *Id.* at 61, 248 A.2d 879.

In *Lustine v. State Roads Commission*, 221 Md. 322, 326, 157 A.2d 456 (1960), the Court opined: "The appellants ... attempt[ed] ... to show ... prejudicial error ... to what they claim were improper and harmful remarks made by counsel ... but there was no objection ... hence, this question is not properly before us." Similarly, in the automobile negligence case of *Little v. Duncan*, 14 Md.App. 8, 14, 284 A.2d 641 (1971), the appellant claimed as error certain alleged improprieties of counsel. We refused to determine the issue in view of the fact that no motion for

mistrial had been made. *Id.* Thus, it is clear that the rules of presentation of appellate issues applies generally. We shall now address their specific application to *pro se* parties.

■ The rules of procedure apply primarily to parties, and, for the most part, to attorneys in their representative capacity. The rules explained to appellant below are not additional rules applicable only to *pro se* parties.[2] They are not additional burdens imposed on laymen; they apply to laymen and lawyers alike. Lawyers generally are more familiar with the rules and are therefore better able to function in our rule-constrained adversarial system of justice. This is not due to a different set of rules, but is a reflection of their education, training and experience.

The principle of applying the rules equally to *pro se* litigants is so accepted that it is almost self-evident. Perhaps because it is so evident, there has been but minimal comment on the obligations of a *pro se* party in the appellate cases of this State. The few cases include *Lewis v. Germantown Insurance Co.,* 251 Md. 535, 537, 248 A.2d 468 (1968) (emphasis added), where Judge McWilliams, for the Court, opined that "we find ourselves becoming somewhat less considerate of the plight of litigants *whose obligation to know and comply with the Rules, at least in theory, is no less than that of the attorneys they retain to represent them.*"

There are many rules of procedure, many rules of evidence, and many exceptions to the rules of evidence.[3] There are rules relating to the burdens of proof, persuasion, and production. There are numerous causes of action with a myriad of elements of the respective causes. There are

---

**2.** There are a significant number of *pro se* appearances in this Court. In September Term, 1992, there have been 213 *pro se* appearances as of January 18, 1993.

**3.** "The hearsay rule is replete with exceptions. It has been said that the exceptions have virtually swallowed the rule." Jacob A. Stein, *Trial Handbook for Maryland Lawyers* § 26.4 (2d ed. 1986).

almost as many defenses to those causes. There are rules of conduct and many other rules.

In *Nature and the Sources of the Law*, 84 (2d Ed. 1921), the commentator commented briefly that:

> The Law of the State or of any organized body of men [and women] is composed of the rules which the courts, that is, the judicial organs of that body, lay down for the determination of legal rights and duties.

There have evolved in our system comprehensive sets of rules designed to regulate the conduct of the adversarial procedure utilized in our system's search for truth. While these sets of rules have removed the resolution of civil conflict from trial by combat, it remains, at best, an adversarial contest.

For the most part, the rules are demand oriented. The opposing party must raise a violation of a rule in order for it to be rectified. In many instances, rules are not invoked because of trial tactics, *i.e.*, because one unobjected-to admission may open the door to an admission favorable to the opposing side. Only the parties can anticipate where matters will lead. Generally, the parties dictate the flow, and regulation only takes place when the court is *called upon to act or rule.* The trial judge's main procedural function is to guarantee a "fair trial." This function is carried out primarily by applying the rules upon request. Whether right or wrong, an untrained, inexperienced litigant is generally at a great disadvantage. If he represents himself, he must proceed, for the most part, unaided by the court. The court, in our adversarial system, cannot substantially help either party; to lend aid would subvert a necessary part of our adversarial system designed to guarantee just trials, which require the impartiality of the referee—the trial judge.

We have said in criminal cases that when a defendant notifies the court that he wishes to represent himself, the court, in order to comply with the Sixth Amendment, "must . . . inform the defendant of the benefits of counsel and *the*

*dangers* of proceeding without counsel...." *Smith v. State*, 71 Md.App. 165, 170, 524 A.2d 117 (1987) (emphasis added). While the Sixth Amendment provision is directed to the rights of criminal defendants and our mandate requires that they be advised, we see no error, abuse, bias, or prejudice when a trial judge in a civil case attempts to discern the skill and abilities of a *pro se* party and his knowledge of the procedural and evidentiary rules that bind all parties whether or not represented by counsel. Furthermore, we do not perceive disrespect or bias when the trial court attempts to inform the *pro se* party of the problems that he will face during the trial. All parties face those problems, but normally with legal assistance. Additionally, it is not error for a trial judge to inform a *pro se* party that the court will not be able to compensate for the *pro se* party's lack of expertise or aid him in the prosecution of his case. When he does all of the above, he is performing his appropriate function of informing the party of the law.

█ Thus, we hold that it is not error for a trial judge to apprise a *pro se* litigant of the nature of civil adversarial proceedings and of the difficulties inherent in trial practice and procedure as done by the judge in the case at bar. Nor is it error for a trial court to inform a litigant that the trial court will not be able to aid either party in the presentation of his case. *While a trial court is not required to give this advice, in our view, the giving of such advice should be encouraged.* The trial court must at all times retain its impartiality. It may, however, and in most cases should, make extra efforts to ensure that *inappropriate* barriers are not placed in the path of *pro se* litigants by counsel for opposing parties. Nevertheless, any such failure by the court, absent preservation by proper objection, will, in all probability, not constitute reversible error.

In the case *sub judice*, Judge Ryan's conduct, as far as we can discern, was completely appropriate.

### Questions and Argument

█ The questions as posed by appellant are at least minimally understandable. When we look, however, to the

arguments presented in support of the questions that we are asked to resolve, it is impossible to decipher which argument relates to which question. Our task is especially difficult because most of the arguments made have no legally cognizable relation to any legal issue presented. We shall hereafter attempt to address appellant's arguments, titling them as he has. We shall first discuss the general requirements regulating the presentation of issues for appellate review and the general standards for trial court preservation of questions for appellate review.

### Requirements on Appeal

Maryland Rule 8–501, among other requirements, provides that a record extract shall be filed in every civil case. Subsection (c) of this rule requires the extract to "contain all parts of the record that are reasonably necessary for the determination of the questions presented by the appeal." Subsection (d) provides that, if the parties are unable to agree on the parts of the record to be included in the record extract, appellant must serve on appellee a statement of all parts of the record he proposes to include. Appellee is then permitted to notify appellant of those additional parts of the record he deems necessary to be included. Md.Rule 8–501(d)(2). Appellant can then notify appellee of additional inclusions. Md.Rule 8–501(d)(3).

A record extract is required to have a table of contents that makes reference to the first page in the record extract of the respective examination of witnesses and each pleading, exhibit, or other document reproduced, identifying each document by a descriptive phrase. Md.Rule 8–501(h). The record extract is required to contain "verbatim" parts of the record. Md.Rule 8–501(i).

Maryland Rule 8–504(a)(2) regarding the contents of a brief, requires "[a] brief statement of the case, indicating the nature of the case, the course of the proceedings, and the disposition in the lower court...." Subsection (4) requires "[a] *clear concise* statement of the facts material to a determination of the questions presented...." Md.Rule 8–

504(a)(4) (emphasis added). Subsection (5) requires "[a]rgument in support of the party's position." Md.Rule 8–504(a)(5).

The rules in respect to the required nature and form of extracts and briefs provide that in the event of non-compliance with the rules, the appellate court "may dismiss the appeal." Md.Rules 8–501(*l*) and 8–504(c).

The appellate courts have frequently stated that the requirements of Maryland Rule 8–501(c) which dictate what must be included in an extract are mandatory. In *State Highway Administration v. Transamerica Insurance Co.*, 278 Md. 690, 701–02, 367 A.2d 509 (1976), the Court of Appeals opined:

> There is nothing in the joint record extract or appendix to show that the breach of contract point was presented at the trial.... The requirements of Maryland Rule 828b1 [the predecessor rule to 8–501(c)] that "[t]he printed extract shall contain such parts of the record as may be reasonably necessary for the determination of the question presented by the appeal ...," are mandatory. The point is not properly before us, and we do not consider it. Maryland Rule 885. [Citations omitted.]

*See also Hunt v. State*, 312 Md. 494, 508, 540 A.2d 1125 (1988) (holding that the Court was unable to determine matters not in the record).

The Court of Appeals in *A.S. Abell Co. v. Skeen*, 265 Md. 53, 58, 288 A.2d 596 (1972), was concerned about appellant's inclusion of only its trial motion for summary judgment when it had omitted other necessary pleadings. The court opined in reference to the omissions from the extract that: "To deny this Court the information it needs to properly determine the question is to effectively prevent us from reviewing the propriety of the trial court's decision." *Id.* at 58, 288 A.2d 596. It then cited the language of the predecessor rule relating to the necessity to include all necessary parts of the record in the extract, and then concluded: "We have called attention to this rule on many occasions and

have made it abundantly plain that compliance with it is 'a mandatory requirement.' " *Id.* at 59, 288 A.2d 596.

In *McBurnie v. McBurnie*, 214 Md. 210, 211, 134 A.2d 78 (1957), no extract was provided. The Court stated "[t]here being no agreed statement of facts and printed extract, there is, of course, no testimony, no judgment, no opinion and no pleadings for our consideration." *Id.* at 214, 134 A.2d 78. Similarly, in *Eldwick Homes Ass'n v. Pitt*, 36 Md.App. 211, 212, 373 A.2d 957, *cert. denied*, 281 Md. 736 (1977), we stated that "the record extract is absolutely devoid of the evidence, oral or physical, presented to the zoning board.... [W]e are not required to ferret out from the record those materials which counsel should have printed in the abstract [extract]." *See also Yousef v. Trustbank Sav., F.S.B.*, 81 Md.App. 527, 534 n. 6, 568 A.2d 1134 (1990); *Rogers v. Baker*, 77 Md.App. 199, 207, 549 A.2d 1153 (1988) ("It is the obligation of appellant to provide an extract containing all parts of the record material to our consideration.")

### Preservation at Trial

In order for an appellate court to address a ruling or treatment of an issue at trial, it must be preserved for our review. The Court stated in *Basiliko v. Royal National Bank*, 263 Md. 545, 548–49, 284 A.2d 227 (1971):

Under Maryland Rule 885 [a predecessor to Md.Rule 8–131] we do "not ordinarily decide any point or question which does not *plainly* appear by the record to have been tried and decided by the lower court." Basiliko has failed to print *in the record extract* anything showing that this point was presented to the lower court. The requirements of Rule 828 [now Md.Rule 8–501(c)] are mandatory. This point, therefore, is not before us. [Emphasis added.]

The process of appellate review of alleged trial court error was succinctly explained in *Braun v. Ford Motor Co.*, 32 Md.App. 545, 548, 363 A.2d 562, *cert. denied*, 278 Md. 716 (1976), where we opined:

In trial courts, it is the function of the judge to preside over the trial, to direct the course of the proceedings, and to make all rulings on legal questions *raised* before him at any stage of the case. In a jury trial, the fact-finding function is, of course, committed exclusively to the jury, but it remains the duty of the judge to insure that as to all parties concerned the trial is fair, *and conducted according to established procedure,* to the end that equal justice is afforded to all. Recognizing that judges, being human, may err, the system provides a right of appeal, so that any party who feels he has suffered an injustice flowing *from an error by a trial judge,* may have the question reconsidered by other judges.

We know of no principle or practice under which a judgment of a trial court may be reversed or modified on appeal except for prejudicial error committed by the trial judge. *It is a misuse of language to label as error any act or failure to act by a party, an attorney,* ... or by anyone else other than the judge. In other words, error in a trial court may be committed *only by a judge,* and *only when he rules, or, in rare instances, fails to rule,* on a question *raised before him in the course of a trial,* or in pre-trial or post-trial proceedings. Appellate courts look only to the rulings made by a trial judge, or to his failure to act when action was required, to find reversible error. [Emphasis added.]

In our recent case of *Austin v. State,* 90 Md.App. 254, 264–65, 600 A.2d 1142 (1992), we cited *Braun,* 32 Md.App. at 548–49, 363 A.2d 562, where Judge Moylan stated:

The requirement [of timely objection] ... is not an arbitrary one.... At the most basic level, it recognizes that appellate courts do not range forth, like knights errant, seeking flaws in trials. Their quest is far more modest. They monitor a trial for the limited purpose of seeing if the trial judge committed error.

*See also DeLuca v. State,* 78 Md.App. 395, 398, 553 A.2d 730, *cert. denied,* 316 Md. 549, 560 A.2d 1118 (1989); *Robin-*

*son v. State,* 66 Md.App. 246, 251, 503 A.2d 725, *cert. denied,* 306 Md. 289, 508 A.2d 489 (1986).

In construing Rule 1085, the predecessor to Rule 8–131, the Court of Appeals, in *Lohss and Sprenkle v. State,* 272 Md. 113, 119, 321 A.2d 534 (1974), stated that:

Under these rules and their predecessors, when a party has the option of objecting, his failure to do so while it is still within the power of the trial court to correct the error is regarded as a waiver estopping him from obtaining a review of the point or question on appeal.... [Citations omitted.]

In *Basoff v. State,* 208 Md. 643, 650, 119 A.2d 917 (1956), the Court similarly stated:

When a party has the option either to object or not ... his failure to exercise the option [to object] while it is still within the power of the trial court to correct ... is regarded as a waiver.... [T]he rule [insures] ... fairness for all parties to cases and ... promote[s] the orderly administration of the law.

*See also Kares v. State,* 215 Md. 396, 398, 137 A.2d 712 (1958) ("Although Rule 885 ... permits us to decide questions not tried and decided below, under some circumstances, it does not authorize us to decide points not presented. There is no doubt that the Rule is applicable to criminal as well as civil cases.").

Chapter 154 of the Acts of 1861–62 provided that the Court of Appeals "shall in no case decide any point or question which does not appear by the record to have been tried and decided by the court below." The Court stated in *Gordon v. State National Bank,* 249 Md. 378, 383, 239 A.2d 915 (1968) (citing Chapter 117 of the Laws of Maryland (1825); *Mundell v. Perry,* 2 Gill & J. 193 (1830) (footnote omitted)), that the rule that provides that an appellate court will not ordinarily review or decide any point not raised below was "simply enunciatory of the practice which has existed since 1825." *See also McGinnis v. Rogers,* 262 Md. 710, 729, 279 A.2d 459 (1971); *Rose v. State,* 240 Md. 65, 69, 212 A.2d 742 (1965); *Galbraith v. Oswald,* 237 Md. 620, 621,

205 A.2d 797 (1965) ("appellant does not complain ... of any rulings made ... on any objections made by her.... Under these circumstances this Court on review will not consider the questions...."); *Martelly v. State,* 230 Md. 341, 347–48, 187 A.2d 105 (1963); *Braun v. State,* 230 Md. 82, 90, 185 A.2d 905 (1962); *Edmondson v. State,* 230 Md. 66, 68, 185 A.2d 497 (1962), *cert. denied,* 372 U.S. 949, 83 S.Ct. 946, 9 L.Ed.2d 974 (1963) ("The admissibility of evidence not objected to is not properly before us for review"); *Cohen v. Engel,* 229 Md. 87, 91, 181 A.2d 657 (1962); *Dresbach v. State,* 228 Md. 451, 453, 180 A.2d 299 (1962); *State v. Heffelfinger,* 226 Md. 493, 497, 174 A.2d 336 (1961) (holding that failure to object to a judge's remark constituted waiver and resulted in the issue not being preserved for appeal); *Lane v. State,* 226 Md. 81, 87, 172 A.2d 400 (1961), *cert. denied,* 368 U.S. 993, 82 S.Ct. 611, 7 L.Ed.2d 529 (1962); *Booth v. State,* 225 Md. 71, 73, 169 A.2d 388 (1961); *Mercantile Savs. Bank v. Appler,* 151 Md. 571, 578, 135 A. 373 (1926); *Williams v. New York Life Ins. Co.,* 122 Md. 141, 145, 89 A. 97 (1913); *Robinson v. State,* 66 Md.App. at 253–55, 503 A.2d 725 (stating that principal purpose of the rule is to require alleged errors to be brought to the attention of the trial court so that it can make corrections or avoid the error); *Medley v. State,* 52 Md.App. 225, 230–32, 448 A.2d 363, *cert. denied,* 294 Md. 544 (1982); *Washington Homes, Inc. v. Baggett,* 23 Md.App. 167, 171, 326 A.2d 206 (1974), *cert. denied,* 273 Md. 720 (1985); *Ragler v. State,* 18 Md.App. 671, 673, 308 A.2d 401, *cert. denied,* 270 Md. 741 (1973); *Woodell v. State,* 2 Md.App. 433, 439, 234 A.2d 890 (1967); *Boone v. State,* 2 Md.App. 80, 119, 233 A.2d 476 (1967). *But see Little v. Duncan,* 14 Md.App. 8, 15, 284 A.2d 641 (1971) (recognizing that although zeal in advocacy is commendable, an inherently unfair proceeding, or a "trial by combat" approach is rejected).

We shall now attempt to address the various arguments made by Mr. Tretick in light of the standards required for briefs, extract content, and or trial preservation that we

have discussed. We title his arguments as he did in his brief.

## *"Violations of Common Law"*

Appellant's first argument apparently relates to his second question regarding violations of "the common law rights of a Plaintiff Pro Se." He argues, as best we can interpret, that the following instances of conduct by the trial judge somehow violate his common law rights: (1) the trial judge asked him if he was familiar with the Rules of Evidence; (2) the trial judge told him that he would be lacking in knowledge and would therefore have a difficult time, and (3) that the trial judge would not be able to help him during the trial. He contends that the preceding statements by the trial judge mandate that only practicing attorneys can present cases. He then proffers that the judge's advice to him resulted in "an improper class action has been taken against the class of persons known as Plaintiff Pro Se" by requiring them to have a complete knowledge of the laws and procedures. He further states that his common law rights were violated because he did not understand Latin.

We respond to these first alleged violations by reiterating that the rules of procedure and rules of evidence apply to parties. They only apply to attorneys when attorneys represent themselves or others. While attorneys are officers of the court, their compliance with the rules when they represent others is because the rules apply to the parties. The application of the rules to attorneys in their representative capacity is set forth in Maryland Rule 1–331: "[A] party's attorney may perform any act required or permitted by these rules to be performed by that party." In further support of the application of the rules to parties, Maryland Rule 1–301(b) identifies that the plaintiffs and defendants are parties, not lawyers; Maryland Rule 2–131(a) requires an appearance by a party in "proper person" or by that parties' attorney; Maryland Rule 1–311 provides that a party must sign pleadings if he/she is not represented by

an attorney; Maryland Rule 1–321 requires pleadings to be served on parties. Additionally, judgments are entered generally for and/or against parties, not attorneys; appeals are taken by parties, not attorneys. We see no useful purpose in further citing to the numerous provisions of the rules applicable to parties. In short, the Maryland Rules of Procedure, the Rules of Evidence, the burdens of proof, production, and persuasion are *party-based,* not attorney-based. There are no separate rules for attorneys and for parties. As we have said, in our adversarial system of justice, a trial court is the referee between the parties. His primary function is to oversee that the rules are followed by everyone. He cannot be an advocate for one side or the other. The court is in no one's corner. A trial court's attempt to explain the difficulties of the system to the uninformed violates no rights, let alone those for whose benefit the explanation is offered.

### *"Concerning the Rules"*

Appellant's next argument includes a general discussion on the purpose of the Maryland Rules. He fails to identify any rulings made by the trial court upon which he bases his objections. We note the argument, but we make no determination because of an absence of an allegation of error.

### *"Violations Concerning Depositions"*

### *"Violation Concerning Mannerism"*

Appellant asserts that during the taking of a deposition, the appellee's attorney was *"intimidating, demanding, loud, [and] rude...."* Appellant in his brief does not direct us to any ruling by the court relating to any objection properly made to the conduct of opposing counsel. That issue is therefore not preserved.

### *"Violations Concerning Taking Depositions"*

Tretick informs us that Layman's attorney objected to the use of a videotaped deposition of a Dr. Banker. He then

informs us that at some stage during the trial, the trial court did not rule on the use of the deposition. He asserts that this prejudiced him because it placed Layman, the appellee, in a frame of "muddled mind." (We presume he meant to say that it "muddled" his mind.) He does not direct our attention to that portion of the extract[4] where the issue was either presented to or ruled on by the trial judge. Accordingly, it is not preserved for our review.

### *"Pre–Trial Motions"*

Appellant alleges that he submitted several motions to the court and that the court's treatment of the motions caused him a "sense of confusion...." Thus, he alleges that the trial court's actions were arbitrary. He makes references to the court's denial of a motion but does not identify what motion he is talking about, and if it is in the extract, we are unable to identify it from appellant's argument. We are unable to decipher the rest of appellant's argument on this point.

### *"Discovery and Other Pre–Trial Timing"*

Tretick, in regards to discovery, complains that some relief he requested should have been granted. He does not further identify this issue. Because his argument is devoid of any reference to the extract, we are unable to address this argument.

---

**4.** Appellant has failed to include in the extract any portions of the transcript of the proceedings. The first 26 pages of the extract contain portions of the rules, case law excerpts, and appellant's comments on appeal as to those matters. The next 27 pages contain numerous documents, letters, papers with no indication as to whether they were offered or admitted in evidence and with no transcript references. The next five pages are "Extracts From Trial Transcript." Rather than extracts of actual transcripts, it contains appellant's narration of what he says occurred, allegedly taken from a transcript. This portion of the extract is actually appellate argument inappropriately placed in the extract. We are not required to go outside of the extract in our review.

## *"Violations of Trial Date Notice"*

Appellant informs us of the contents of a trial date notice then merely notes that the defendant violated a rule delaying Tretick's discovery. He fails to identify any ruling by the trial judge. He thus has failed to preserve or present it for our review.

## *"Answers to Interrogatories"*

He asserts on appeal that Layman failed to supply extensive information requested in interrogatories. He lists the discovery omissions and commissions over three pages of his argument in his brief. His only reference to judicial action in respect to this argument is the statement, "[Judge Ryan] did not enforce this time limit...." He fails to inform us as to whether any motion to compel or motion for sanctions was filed and fails to identify any particular ruling of the trial judge in the extract. The issue is not preserved and/or properly presented for appellate review.

## *"Violations of Discovery Materials"*

Tretick now complains that the attorney for Layman failed to communicate and meet certain discovery deadlines. He does not direct us to any place in the extract where any motion to compel or for sanctions is contained, nor does he direct us to any place in the extract containing any ruling he alleges is erroneous. He further alleges that the action of Layman's counsel caused him to go *"to trial in a confused and muddled state of mind,"* and that this violated his right to a fair trial. He further alleges, that his state of confusion caused him to stop taking his pain and sleep medication. Because these complaints are not properly preserved, we are unable to address this argument.

## *"Violations Concerning Depositions"*

Appellant argues that his rights were further violated by Layman's attorney because he was taken advantage of due to the fact that he was a chronically impaired person taking constant pain and sleep medication. He complains about

the way appellee scheduled depositions. He fails, however, to aver that he filed any motions to preserve the issue in the trial court. As far as it appears from his argument, there is no judicial action for us to review.

### "Procedures During the Trial"

### "Violations of Rights to Documented Trial"

He complains, as far as we can see, about the trial court on occasion going "off the record." He fails to identify any objection he made to the trial court or any proffer he made to the record below of the nature of the matter occurring off the record. This issue is also not preserved for review.

### "Voir Dire"

Appellant complains about *voir dire* matters, but does not identify any extract reference to any rulings by the trial judge. We are unable therefore to review the issue.

### "Answers to Interrogatories"

We simply are unable to identify what appellant is arguing.

### "Interrogatories"

We presume Tretick is complaining that when the trial court prohibited a witness from testifying from an interrogatory because the witness was unable to identify it, the court erred. He does not identify where in the extract we can find the matter to review. Accordingly, we decline to do so.

### "Entering Evidence"

Appellant apparently argues that the trial judge did not admit certain medical testimony because appellant failed to lay a proper foundation as to the "reasonable and customary" standard. He does not argue that the standard was either met, or not required. Additionally, he argues that he could not afford to authenticate the invoices and complains

that the trial judge, because of appellant's limited resources, should have taken judicial notice of the affidavits. He also complains that affidavits of various parties who were not called upon to testify were not admitted. He essentially complains in this argument that he should not have been required to comply with the rules of evidence. As we have said, the rules apply to all parties whether *pro se* or represented. Even if the issue were to be preserved and/or properly presented, we perceive no error.

*"Violations Concerning Subpoenas"*

*"Subpoena for Officer M. Jackson"*

He complains that Officer Jackson did not appear. The court informed him that the record then before the court did not indicate that Jackson had been served. Appellant then argues that "Plaintiff was entitled to have Officer Jackson ordered to appear.... Judge Ryan refused action...."

While the exchange was not included in the extract and we are not required to go to the record, we chose to do so in this instance primarily to check on the accuracy of Tretick's appellate assertions. The exchange to which he refers, in its entirety, was:

THE COURT: There is no—Mr. Tretick, there is nothing in the file to indicate Officer Jackson was served with the subpoena to appear in court for Monday, and this case was originally set.

So there is no obligation for Officer Jackson to be here if he or she was not served with the subpoena. There is nothing in the file to indicate that it was served.

MR. TRETICK: I call Kevin Layman.

From this exchange, Mr. Tretick makes before us the assertion that the trial court "refused action." The short answer is that appellant requested no action for the court to refuse. The court made no ruling and was not requested to do so. There is nothing for us to review. He further complains that the clerk should have automatically continued the trial date upon not receiving a return of service for

Officer Jackson. This issue was not preserved by objection to, or a request for a ruling from, the trial judge.

### *"Subpoena for Documentation from the Fire Department"*

Appellant tells us that the Fire Department caused a motion to quash to be filed. He tells us nothing else. Obviously, he fails to present or to preserve properly whatever complaint he makes in this argument.

### *"Rude, Demanding, and Intimidating"*

He complains that the trial judge would not let him stand at a certain point in the courtroom in front of a witness, but later let appellee's attorney stand there and talk to Tretick when he testified. He further complains that Layman's attorney questioned him in a *"loud ... rude, demanding and intimidating* manner." He does not direct our attention to any objections or exceptions made by him to any actions of either the trial judge or opposing counsel. The issue is not properly presented or preserved for our review.

### *"Violations of Mental and Physical Examination"*

As to such examinations, he complains of violations of appellee's insurance company, doctors, and attorney. He fails to identify any trial court action.

Under this argument, he additionally complains that appellee's counsel "wantonly and oppressively" stated that Tretick had been retired from the civil service for a back injury, but conversely also brought in evidence that appellant had retired "due to personal characteristics." He complains that appellee thus used "a[n] untruth to bring into evidence another untruth."

He thereafter asserts that the above actions and others "should have been prevented by Judge Ryan...." Nowhere, however, does appellant assert that he objected or otherwise requested any action by the trial judge. General-

ly, as we have indicated, if the trial judge is not called upon to rule, there is nothing to be reviewed on appeal.

### "Settlement Conference"

We are unable to decipher what point appellant is attempting to make under this argument. It thus has not been properly presented for our review.

### "Responsibility for the Accident"

This relates to inferences made by appellant as to statements allegedly made during the trial and pretrial proceedings below. He complains again of the absence of Officer Jackson. To the extent he refers to the granting of defendant's motion for judgment, he fails to include in the extract any information on the motion filed or made below, nor does he include the reasoning, if any, offered by the trial court in rendering its decision. Appellee informed us at oral argument that the motion for judgment made by defendant was based on two grounds; lack of liability and failure to establish damages. Appellee orally argued that the trial judge granted the motion, not on the liability issue, but on the failure of appellant to prove adequately any damages. Appellant, in rebuttal before us, did not challenge appellee's proffer. In any event, we do not know what or why the trial court did, or did not do, whatever it is that appellant now complains of in his brief. Appellant has not furnished in the extract the material that we need to determine whether error was committed. He has not properly presented this issue for our review. We shall, accordingly, not address it.

### "Violations of Bad Faith"

He complains of certain actions by opposing counsel that he asserts amount to bad faith. They include the furnishing to Tretick of an extensive list of medical experts that caused appellant to anticipate "tremendous expenses" of litigation. He says this was designed to force him to settle

out of court. He identifies no ruling by the trial judge. Again, whatever the issue is, it is not preserved.

### *"Calendar Call Statement"*

To the extent this argument can be discerned, it appears that appellant complains that the trial tactics of appellee, or certain of them, caused him "embarrassment, oppression, or undue burden or expense." He offers nothing of substance identified by him in the extract to support this assertion. We shall not address it.

### Conclusion

As the cases indicate and the provisions of Maryland Rule 8–501(c) mandate, a record extract must contain all parts of the record "necessary for the determination of the questions presented by the appeal. It shall include the judgment appealed from...." As we examine the extract, we cannot find where the issues now raised in the case *sub judice* were ever ruled upon or presented to the trial court for its determination. Even if presented below, the extract upon which we base our review does not contain sufficient necessary parts of the record for us to determine the issues raised on appeal. Therefore, we have no choice but to conclude that the issues have not been preserved for appeal. We reiterate that, generally, it is our function to review the rulings or findings of the trial court in respect to the issues presented to us on appeal and to determine the correctness of those rulings. When the issues are not presented to the trial court, when the trial court is not called upon to rule by either of the parties, and does not make a ruling, there is generally nothing for us to review.

We further conclude, therefore, that not only is appellant's brief and extract totally deficient in form and content so as to cause us to be unable to resolve the issues he has raised on appeal, but that part of the record contained in the briefs and extract, plus that record portion we have voluntarily reviewed, fails to show that appellant, in the first

instance, preserved the issues for our review. We shall, accordingly, affirm the trial court.

Finally, we note, as we explained earlier, that the procedural, evidentiary, and appellate rules apply alike to parties and their attorneys. No different standards apply when parties appear *pro se*. If an uneven "playing field" results when parties represent themselves, it is not because the rules are applied differently, but that one side has available the education, training, and experience of a lawyer who functions in the legal arena to assist and represent his client to the fullest extent of his ability.

Neither the proper activities of opposing counsel in representing his client nor the proper attempts of the trial judge to counsel a *pro se* litigant constitute error.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.