646 A.2d 1092

**William J. SCHECK et al.**

v.

**MARYLAND SECURITIES COMMISSIONER.**

**No. 1551, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Sept. 1, 1994.

Certiorari Denied Dec. 16, 1994.

William J. Scheck, Annapolis, for appellants.

Julie L. Tewey, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Before BISHOP, BLOOM and WENNER, JJ.

WENNER, Judge.

William J. Scheck appeals from an order of the Circuit Court for Anne Arundel County requiring him to comply with a subpoena duces tecum issued by the Maryland Securities Commissioner (the Commissioner).[1] The Commissioner believed that appellant's business activities possibly violated the Maryland Securities Act (the Act), Maryland Code (1975, 1993 Repl.Vol., 1993 Cum.Supp.), Title 11 of the Corporations and Associations Article (CA), because it appeared that appellant was engaging in securities transactions without first registering with the Commissioner.

The subject subpoena duces tecum was served on appellant by certified mail, return receipt requested. After appellant failed to respond, the Commissioner filed a complaint in the Circuit Court for Anne Arundel County seeking its enforcement. *See* CA § 11–701(c)(1). The circuit court issued an order requiring appellant to show cause "on or before the 24th day of August 1993, why the Commissioner's order should not be granted," and ordering "that a hearing regarding this matter [will be held] on 1 September 1993 at 1:30 p.m." On August 27, four days before the show cause hearing and three days after the filing date ordered by the court, appellant

---

1. An order to comply with a subpoena duces tecum was also issued to WJS Group, Ltd., for which appellant is the resident agent. WJS Group, Ltd. joined in this appeal; however, as an attorney has not entered an appearance on its behalf, we shall dismiss its appeal. *See* Maryland Rule 8–402(d).

responded to the Commissioner's complaint and put the court "on notice" that he would be unable to attend the show cause hearing and asked to be notified of another hearing date. Although the date was not changed, appellant failed to appear. Finding enforcement of the Commissioner's subpoena duces tecum to be "appropriate and in the interest of protecting actual or prospective investors," the circuit court ordered appellant to produce the subpoenaed documents within two weeks of the date of the order.[2]

Appellant then noted this appeal, raising numerous questions which, because of appellant's failure to appear at the show cause hearing, have not been preserved for our review.[3] *See Tretick v. Layman,* 95 Md.App. 62, 73–76, 619 A.2d 201 (1993). As phrased by appellee, the sole issue before us is:

Whether the Circuit Court abused its discretion by ordering enforcement of the Subpoenas Duces Tecum directed by the Securities Commissioner to [appellant].

---

**2.** The order was dated September 1, 1993.

**3.** Appellant asks:
1. What is the TRUE reason APPELLEE is violating APPELLANTS' "Right to Privacy"?
2. Why are APPELLANTS being denied "Due Process of Law" both by the APPELLEE and The Circuit Court for Anne Arundel County?
3. Why are APPELLANTS being subject to APPELLEE's efforts with others to "Conspiring Against the Rights of Citizens" and being allowed to do so by The Circuit Court for Anne Arundel County?
4. Why are APPELLANTS being forced to be subject to "Deprivation of Rights Under the Color of Law by both APPELLEE and The Circuit Court for Anne Arundel County?
5. Why did APPELLEE make no effort to protect APPELLANT SCHECK from an Assault by a State Official to wit Richard A. SIMMONS, an employee of APPELLEE who is employed as an investigator for the Securities Division, Office of the Attorney General of State of Maryland?
6. Why is APPELLEE attempting to use Section 11–701 [Investigations and Subpoenas] of Maryland Securities Act, Title 11, Corporation and Associations Articles, Annotated Code of Maryland [1993 Repl. Vol] [the "Act"] as their legal authority to violate constitution Rights of APPELLANTS to wit the violations stated in Questions 1 through 5 and the "Right of Against Self–Incrimination and being permitted to do so by The Circuit Court for Anne Arundel County?

In *Banach v. State Commission on Human Relations*, 277 Md. 502, 356 A.2d 242 (1976), the Court of Appeals adopted the three part test for determining the validity of a subpoena duces tecum issued by an administrative agency first articulated in *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 208, 66 S.Ct. 494, 505, 90 L.Ed. 614 (1946). In *Banach*, the Court of Appeals said that a reviewing court must determine "[w]hether the inquiry is authorized by statute, the information sought is relevant to the inquiry, and the demand is not too indefinite or overbroad." *Banach*, 277 Md. at 506, 356 A.2d 242.

CA § 11–701(a) provides that:

In his discretion, the Commissioner may:

(1) Make public or private investigations within or outside of this State as he considers necessary to:

    (i) Determine whether any person has violated or is about to violate any provision of this title or any rule or order under this title; or

    (ii) Aid in the enforcement of this title or in the prescribing of rules and forms under this title[.]

CA § 11–701(b) goes on to provide that "[f]or the purpose of any investigation or proceeding under [the Act], the Commissioner or any officer designated by him may ... subpoena witnesses ... and require the production of any books, papers, correspondence, memoranda, agreements, or other documents or records which the Commissioner considers relevant or material to the inquiry."

The Act requires an agent or a broker-dealer involved in effecting transactions in securities for the account of others or for his own account, *see* CA § 11–101(b), (c), or an investment adviser or investment adviser representative engaged in the business of advising others, either directly or through publications or writings, as to the value of securities, or as to the advisability of investing, purchasing, or selling securities, *see* CA § 11–101(f), (g), to be registered with the Commissioner. CA §§ 11–401, 11–405. In seeking enforcement of the subpoena duces tecum, the Commissioner's complaint states that

appellant and WJS Group, Ltd. were under investigation "in connection with their solicitations of investment and merchant banking services, including 'fiduciary trading', 'private placements', and the offer and sale of securities, to members of the business community" and that neither appellant nor WJS Group, Ltd. were registered with the Commissioner.

Thus, investigation of appellant's activities is authorized by CA § 11–701(a)(1)(i); CA § 11–701(b) authorizes the Commissioner, in conjunction with that investigation, to subpoena appellant's records concerning, among other things, appellant's securities-related activities, his representations to the public regarding his business, and his financial records. The subpoena, on its face, is not unduly burdensome or oppressive, and, as appellant failed to appear at the show cause hearing, he has presented no evidence showing that compliance with it would place an undue burden upon him.[4] *See Equitable Trust Co. v. State Commission on Human Relations,* 287 Md. 80, 93–100, 411 A.2d 86 (1980). As the information subpoenaed is relevant to the Commissioner's investigation and the Commissioner's demands are not indefinite, unduly burdensome, or overbroad, the Commissioner has not exceeded his investigatory power. *Id.* at 91–93, 411 A.2d 86. In short, the circuit court did not err in ordering enforcement of the Commissioner's Subpoenas Duces Tecum.

**APPEAL OF WJS GROUP, LTD. DISMISSED; OTHERWISE, JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**

---

**4.** Of course, nothing prohibits appellant from appearing and pleading the Fifth Amendment to the United States Constitution. *See* CA § 11–701(d).